John Edward **MERRILL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23210.

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1966.

See also, 5 Cir., 338 F.2d 763.

David R. Lewis, Jacksonville, Fla., for appellant.

Bernard Nachman, Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

A prior conviction of this appellant for the transportation of a stolen vehicle in violation of 18 U.S.C., Section 2312, was reversed, 338 F.2d 763 (1964). The new trial resulted in another conviction, followed by suspended sentence and probation.

The Court found appellant mentally competent to stand trial and the jury found that he was sane at the time of the offense. The proof in support of both findings is more than sufficient.

The evidence clearly shows that appellant obtained the vehicle by renting it from an automobile rental agency in Sacramento, California. Some days later, he was arrested in Jacksonville, Florida. He then gave a written statement to a special agent of the F.B.I., which was admitted in evidence, in which he detailed his journeys about and across the Continent. In this statement he said he knew when he

rented the car he was supposed to keep it for only a couple of days.

■ The Government, of course, had the burden of proving beyond a reasonable doubt that appellant knowingly transported the automobile in interstate commerce as a stolen vehicle. With this in mind, the prosecution offered a witness who testifed in parol that the terms of the written rental contract prohibited taking the vehicle out of. California. Since the contract itself was not produced, we immediately encounter the rule that "in proving the terms of a writing, where such terms are material, the original writing must be produced, unless it is shown to be unavailable for some reason other than the serious fault of the proponent." McCormick, Evidence Section 196. See also Wigmore on Evidence (3rd Ed.) Sec. 1178.

■ The witness testified on direct examination that the contract existed, that it was lost, and that he searched for it. On cross examination, however, he testified that he had last seen the document in the hands of an F.B.I. Agent and that the Agent had returned the document to the automobile rental agency, the latter statement being hearsay. The prosecution definitely should have exerted a more serious effort to secure the document from the F.B.I. Agent or from the automobile rental agency and should have made a more conclusive showing of loss before introducing the secondary evidence.

■ We cannot reverse the conviction on this account, however, because the appellant in his own confession admitted that he knew when he rented the car in Sacramento he was supposed to keep it for only a couple of days, whereas he was apprehended in possession of it in Jacksonville, all the way across the Continent. We shall not detail the many other places visited between Sacramento and Jacksonville. This justified the jury finding that appellant knew that he was transporting the automobile in interstate commerce in violation of the agreement by which he obtained it.

While the point is made that the Judge's charge was in some respects prejudicial, we find no merit in this contention.

The Court expresses its gratitude to David R. Lewis, Esquire, of the Jacksonville Bar, who, as court appointed counsel, has represented this appellant in a most dedicated and distinguished manner.

The Judgment is affirmed.